## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD BROWN,**

**Plaintiff,**

**vs.**                                      **Civil No. 15-CV-01385-DRH**
                                            **Criminal No. 10-30165-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is before the Court on petitioner Reginald M. Brown's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, petitioner's § 2255 is summarily **DENIED** as untimely.

On September 22, 2010, petitioner was indicted under 18 U.S.C. § 922(g)(1) and 924(e) for knowingly possessing a firearm and having been previously convicted of multiple serious drug offenses (*USA v. Brown*, 10-30165-DRH (Doc. 1)).  On December 2, 2011, petitioner pled guilty to Count 1. The government moved for the dismissal of Counts 2 and 3 at the time of sentencing.

Ultimately, the Court concluded that three of petitioner's previous convictions for drug offenses— Sale of a Controlled Substance, Distribution of a Controlled Substance, and Distribution of a Controlled Substance near Public Housing—qualified him as an armed career criminal. *See* 18 U.S.C. § 924(e)(1).

Thus, petitioner received a sentence of 180 months imprisonment, the statutory minimum (Doc. 36). Petitioner did not appeal his conviction.

On December 18, 2015, petitioner filed the instant petition, alleging ineffective assistance of counsel based upon a claim that he does not have the prerequisite prior convictions to have been sentenced under the Armed Career Criminal Act (ACCA). Thereafter, pursuant to Administrative Order 176, the Court appointed the Federal Public Defender to determine if the allegations surrounding Brown's challenge to the Armed Career Criminal Statute (ACCA) were based on recent changes of law under the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Federal Public Defender now moves to withdraw upon determining that that petitioner is not seeking relief under the *Johnson* holding (Doc.4). Specifically Brown claims that one of his prior convictions that was used to enhance his sentence only qualifies as a class C felony under Missouri law and, as such, only carried a 7 year maximum sentence. Therefore petitioner argues that it does not qualify as a prerequisite conviction for sentencing under the ACCA.[1]

Pursuant to Rule 4 of the Rules Governing § 2255 cases, the Court must give initial consideration to petitioner's claims.  Rule 4 provides that if it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief, the judge must summarily dismiss

---

[1] Upon review of the matter, it has been determined that the Cole County Missouri Case 19CR01960250 for Distribution of a Controlled Substance, which is correctly noted in ¶ 32 Brown's PSR, (*USA v. Brown*, 10-30165-DRH (Doc. 35)) qualifies as a Class B Felony under Missouri Law.

the motion and direct the clerk to notify the moving party. The Court has reviewed Brown's petition to determine whether he might be entitled to relief. For procedural reasons, the Court determines that he is not. 28 U.S.C. § 2255(f) imposes a one year period of limitations upon the filing of a motion attacking a sentence imposed under federal law. This period generally begins to run on the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered judgment on January 13, 2012. Petitioner did not appeal his conviction. Thus, it became final 14 days after it was entered and the deadline to file a notice of appeal expired. 28 U.S.C. § 2255(f)(1); FED. R. APP. P. 4(b)(1)(A). As petitioner filed his § 2255 motion on December 18, 2015, it is clearly untimely. Petitioner's judgment of conviction was final for well over three years prior to the filing of his instant petition.

The § 2255 limitations period can be tolled in two ways: equitable estoppel or equitable tolling. *Clarke v. United States,* 703 F.3d 1098, 1101 (7th Cir. 2013). Equitable estoppel applies where the government takes active steps to prevent the petitioner from timely filing suit. *Id.* Equitable tolling applies where a petitioner has diligently pursued his rights but some "extraordinary circumstance" prevented his timely filing. *Holland v. Florida*, 560 U.S. 631 (2010) (construing § 2244(d)'s similar one-year limitation for § 2254 petitions); *see Clarke,* 703 F.3d at 1101. The Court's review of Brown's file demonstrates neither doctrine applies.

The latter doctrine, equitable tolling, coincides with § 2255(f)(4), which states the one year limitation period shall run from, "the date on which the facts

supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).  Brown recognizes that he filed his § 2255 motion more than one year after his judgment became final and thus attempts to rely upon § 2255(f)(4). Brown alleges that extraordinary circumstances exist in this case "because defense counsel never explained…the elemental criteria for an ACCA enhancement." (Doc. 1-1 pg. 10). Brown states that he was only aware of his three prior drug offenses, but not that he faced a mandatory minimum sentence. Brown went on to argue that nowhere in his PSR did it mention a mandatory sentence.[2] However, the Court finds that petitioner's arguments are not properly before the Court.

Under Section 2255(f)(2), petitioner cannot point to some inability to his raising the instant claim earlier. Also, under Section 2255(f)(3), petitioner does not point to a Supreme Court case that recognizes rights made retroactive to his case. As to Section 2255(f)(4), petitioner does not point to a newly discovered "fact." Finally, petitioner has not alleged any "extraordinary circumstances" warranting equitable tolling of the statute of limitations. See *Holland v. Florida*, 560 U.S. 631 (2010) (holding that equitable tolling is only appropriate when an "extraordinary circumstance" stood in the way of a timely filing); *Johnson v. Chandler*, 224 Fed. App'x. 515, 519 (7th Cir.2007) ("[W]e have yet to identify a factual circumstance so extraordinary that it warrants equitable tolling."). As

---

[2] The Court notes that Brown's PSR states that "there is a statutory minimum sentence of 15 years relative to Count 1. Therefore, the effective guideline range is 180 to 210 months." (*USA v. Brown*, 10-30165-DRH (Doc. 35 ¶ 70).

such, the Court cannot consider petitioner's arguments on the merits. Accordingly, petitioner's Section 2255 petition is **DENIED**.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009).   A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling.   *See Slack,* 529 U.S. at 485.

Reasonable jurists could not debate that the petition should have been resolved in a different manner. Reasonable jurists would not debate that the petition does not state a valid claim of the denial of a constitutional right, nor would they debate that the petition is untimely.  Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## CONCLUSION

For the aforementioned reasons, petitioner Reginald M. Brown's motion pursuant to 28 U.S.C. § 2255 is **DENIED** as untimely (Doc. 1), and the Court shall not issue a certificate of appealability. The Federal Public Defender's motion to withdraw as attorney is **GRANTED** (Doc. 4). This action is **DISMISSED with prejudice**, and judgment shall enter accordingly.

**IT IS SO ORDERED.**

Signed this 10th day of February, 2016.

Digitally signed
by Judge David
R. Herndon
Date: 2016.02.10
14:48:41 -06'00'

**United States District Judge**